**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2012

Lyle W. Cayce
Clerk

No. 11-20371

DAVID HOMOKI, doing business as Global Check Services,

Plaintiff - Appellee Cross-Appellant

v.

CONVERSION SERVICES, INCORPORATED,

Defendant - Appellee

ELECTRONIC PAYMENT SYSTEMS, L.L.C.,

Defendant - Appellant Cross-Appellee

Appeals from the United States District Court
for the Southern District of Texas, Houston
4:09-CV-2644

Before KING and HIGGINSON, Circuit Judges, and FOOTE[*], District Judge.

PER CURIAM:[**]

Pending before the court is the Motion to Stay Appeal Until Conclusion of Enforcement Action (the Motion) filed by Defendant-Appellant Electronic Payment Systems, L.L.C. (EPS). The Motion was occasioned by the pendency

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20371

in the United States District Court for the District of Colorado of a suit (the Colorado litigation)[1] filed by EPS, seeking to enforce an alleged settlement agreement (the Settlement Agreement) entered into between EPS and David Homoki, doing business as Global Check Services (GCS). EPS argues to us that the existence of a settlement, relating to the litigation between GCS and EPS that is the subject of the appeal pending before us, calls into question our subject matter jurisdiction to hear the appeal. In order to satisfy ourselves, as we must, of the existence of our jurisdiction, we remand to the United States District Court for the Southern District of Texas (the District Court), from which this case arose, the question whether a valid and binding settlement of this litigation was confected between GCS and EPS. The District Court should take testimony and, on or before October 26, 2012, enter findings of fact and conclusions of law, all as necessary to answer that question. In the event that either GCS or EPS wishes to appeal the District Court's conclusion, it should timely file a notice of appeal with the Clerk of the District Court, in which event that appeal will be consolidated with this appeal, expedited briefing will be ordered, and this court will thereafter resolve both appeals. The Clerk of the District Court is ORDERED to transmit the record of these proceedings in the District Court to this court.

In order to avoid the pendency of the same issue (the validity of the Settlement Agreement) in two courts, the parties are further ORDERED and ENJOINED from taking steps to further litigate this matter in the United States District Court for the District of Colorado, pending resolution of the settlement issue by the District Court (and any related appeal to this court). In the event that the District Court for the District of Colorado takes any action in the Colorado litigation which, in the opinion of any party, requires a response, such

---

[1] *Elec. Payment Sys., LLC v. Homoki*, Case No. 11-CV-2969 (D. Colo. filed Nov. 15, 2011).

2

No. 11-20371

party may (before filing such a response) file a motion with this court seeking partial relief from this order.

Some history and our rationale for this order follow. The District Court denied EPS's post-trial motions and entered an amended final judgment on March 4, 2011. EPS filed a timely notice of appeal on May 11, 2011. On July 18, 2011 EPS filed a Motion for Stay and to Enjoin Execution of the Judgment with the District Court. That motion sought to stay execution of the judgment unless and until EPS breached the terms of the Settlement Agreement. The District Court denied that motion on August 19, 2011, without giving reasons. EPS then filed the Colorado litigation on November 15, 2011, alleging breach of the Settlement Agreement and attempting to enforce it.

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). EPS first sought to enforce the Settlement Agreement in the District Court by motion on July 18, 2011. Only later did EPS file suit in a different district court alleging breach of the Settlement Agreement. "Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Id.* at 951 (quoting *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). We take special heed to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of the ILA*, 751 F.2d 721, 728-29 (5th Cir. 1985)).

No. 11-20371

This court has reviewed both EPS's original motion before the District Court, and the Motion presently before us.  We have also reviewed Homoki's response, which argues that the matter of the Settlement Agreement has already been resolved in his favor by the District Court's August 19, 2011 order.  Homoki raises the same argument in the Colorado litigation and has moved to dismiss EPS's breach of contract claim under Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure or to transfer venue under 28 U.S.C. § 1404.  While we express no opinion on the merits of Homoki's argument, we agree that the issue that we have referred to the District Court (in order to resolve the matter of our own jurisdiction) and the issue in the Colorado litigation are substantially similar and necessitate an enjoinder of any further actions by EPS and Homoki in the latter.  Each requires the court to make findings relating to the Settlement Agreement.  There is also a clear risk of conflict.  Should the District Court find that there is no valid and binding settlement (the only issue to be decided by it on remand), EPS would have no breach of contract claim.  Conversely, if there was a settlement, then there would be no appeal before us.  We also conclude that the District Court and this court are better placed to resolve this dispute both because the Settlement Agreement arises out of a case before us on appeal, and because the litigation in this court has proceeded further along than the Colorado litigation.  Finally, EPS has previously moved the District Court for a stay on the basis of the Settlement Agreement, and the District Court is thus familiar with EPS's argument.

Question REMANDED to the District Court for the Southern District of Texas with instructions.  Parties ENJOINED from further litigation in the District Court for the District of Colorado.  The Motion is DENIED.